THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY V. ANNA L. HAYES, *as Administratrix, etc.*

No. 15,605.    (99 Pac. 1131.)

1. HIGHWAYS — *Establishment* — *Evidence.*    Evidence examined and held sufficient to show that a road upon which the deceased was traveling when he was killed was a public highway.

2. PERSONAL INJURIES—*Contributory Negligence at a Railway-crossing.*    Whether the deceased was guilty of contributory negligence in failing to stop, look and listen for an approaching train before driving upon a crossing was a question of fact.

Error from Wilson district court; LEANDER STILL-WELL, judge.    Opinion filed February 6, 1909.    Affirmed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*J. S. Claiborne, D. J. Sheedy,* and *T. J. Hudson,* for defendant in error.

*Per Curiam:.* The plaintiff in error in its brief presents but two questions in this case.

First, it is contended that the evidence showed that the road upon which the deceased was traveling was not a public highway.    We have examined the evidence and think it shows the road was a public highway. The record of the county clerk shows that a road at this point was regularly petitioned for; that viewers were appointed and duly met with the surveyor, who surveyed the proposed road, and in their report to the county commissioners, to which was attached a copy of the survey, they recommended the laying out of the road.    The commissioners adopted the report, and ordered the road laid out and opened.    The evidence also shows that the road was worked under the direction of the township officers at the very point where the accident occurred.    The only thing upon which to justify the question as to the existence of the highway is that some years after the laying out of the road, which was several miles long, there was a dispute as to its location on a portion of the route, and, at the request of interested parties, the county commissioners ordered a resurvey of the road so far as was necessary to determine the disputed line.    This resurvey was made and extended only to the low-water line at the east bank of the Verdigris river.    The accident occurred on the part of the road laid out and extending west of the river.    This resurvey in no way annulled the original laying out and opening of the road.    There was little travel on

the road west of the river, but it is shown to have been continuous from the time the road was laid out and opened.

Second, it is contended that the evidence shows that the deceased was guilty of contributory negligence, as a matter of law, in not stopping, looking and listening for an approaching train before driving upon the crossing. The evidence of the only eye-witness to the accident was that she did not know whether he stopped, looked and listened or not, but on cross-examination she admitted that she had before said that she did not think he did. She said she did not see the team from the time it crossed the river until it "lunged" upon the railroad track, just in front of the engine. The question whether or not the deceased stopped, looked and listened for the approaching train was a question of fact for the determination of the jury, and in view of the presumption that he used reasonable care to protect himself we can not say that the finding involved in the general verdict that he did stop, look and listen is against the evidence.

The only objection to the instructions is to portions in which the court assumed that the accident occurred upon a highway. The records of the county clerk, introduced in evidence, we think conclusively proved that such was the fact, in the absence of any evidence to the contrary.

The judgment is affirmed.